**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LISA SCOTT,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DE-0752-19-0221-I-1 |
| 　　v. | |
| DEPARTMENT OF HOUSING AND<br>　URBAN DEVELOPMENT,<br>　　　　　　Agency. | DATE: December 3, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lisa Scott, Thornton, Colorado, pro se.

Colin J. Ratterman, Esquire, and Nicole A. Allard, Esquire, Denver, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal for failure to follow instructions. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly sustained the charge of failure to follow instructions.</u>

On petition for review, the appellant argues that the administrative judge erroneously sustained specifications 1, 2, 5, 6, and 7 of the charge of failure to follow instructions. Petition for Review (PFR) File, Tab 3 at 4-5.[2] We have considered the appellant's arguments but find no reason to disturb the administrative judge's explained findings. Regarding specification 1, we find no reason to disturb the administrative judge's explained finding that the appellant was not subjected to a same-day recall from telework, and thus, her legal arguments about a potential violation of the collective bargaining agreement are immaterial. Initial Appeal File (IAF), Tab 33, Initial Decision (ID) at 6, 8. Regarding specification 2, the appellant's argument about being granted 2 hours of sick leave to complete her workday does not demonstrate material error in the

---

[2] The administrative judge did not sustain specification 3, and the appellant is not raising a cognizable challenge to the administrative judge's findings sustaining specification 4. Initial Appeal File, Tab 33, Initial Decision at 11-15; PFR File, Tab 3 at 4.

administrative judge's finding that she failed to comply with a valid instruction to report to the office earlier in the day. ID at 9-11. Regarding specification 5, we agree with the administrative judge's finding that the appellant did not engage in, and was not prohibited from engaging in, protected activity opposing harassment or discrimination, as the appellant did not have a reasonable, good-faith belief that she was opposing such harassment or discrimination. ID at 15-19, 29. Regarding specification 6, the appellant briefly reasserts factual arguments considered by the administrative judge, but we find that the administrative judge properly found that the agency proved this specification for the reasons explained in the initial decision. ID at 22-23. Further, the Colorado Department of Labor's findings are not binding on the Board, and we find that they do not provide a basis for disturbing the administrative judge's findings, which are supported by the record in this appeal. *See Lucas v. Department of Veterans Affairs*, 52 M.S.P.R. 267, 270 (1992). The administrative judge did not sustain specification 7, so the appellant's arguments regarding that specification are immaterial to the outcome. ID at 23-24.

To the extent that the appellant argues that the agency's use of adverse action procedures under 5 U.S.C. chapter 75 was inappropriate because the charges were based on performance issues that should have been addressed under 5 U.S.C. chapter 43, we disagree. PFR File, Tab 3 at 5; IAF, Tab 28 at 4. The agency had the option to proceed under chapter 75 with its charge of failure to follow instructions. *See Lovshin v. Department of the Navy*, 767 F.2d 826, 843 (Fed. Cir. 1985). To the extent that the appellant argues that her performance record proves that the removal penalty was excessive or retaliatory, we disagree. PFR File, Tab 3 at 5; IAF, Tab 28 at 4. The initial decision shows that her performance ratings were considered but were outweighed by other factors supporting the agency's penalty. ID at 32; IAF, Tab 11 at 6-7. Further, we find that such evidence is not of sufficient weight to disturb the administrative judge's findings on her retaliation claims.

The appellant's claims of procedural errors, ex parte communication, and administrative judge bias provide no basis to disturb the initial decision.

The appellant raises various allegations of error in the administrative judge's processing of the appeal, including that the administrative judge "show[ed] great bias," pressured her to combine her removal appeal with matters she was pursuing with the Equal Employment Opportunity Commission, changed dates for the close of the record, and "removed critical documents [she] had uploaded to support her case." PFR File, Tab 3 at 4-5. We find no evidence of any material procedural error, and the appellant's allegations about the administrative judge's case-related rulings fail to establish any bias on the part of administrative judge.

In making a claim of bias an appellant must overcome a presumption of honesty and integrity which accompanies administrative adjudicators. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The Board will not infer bias based on an administrative judge's case-related rulings. *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013) (citing *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000)). The appellant falls well short of demonstrating any bias in this appeal. For instance, she fails to describe or provide evidence of any improper ex parte communications between the administrative judge and agency counsel and/or that her substantive rights were harmed. We find no abuse of discretion in the administrative judge's handling of the close of the record, processing of the appeal, or decision to adjudicate the appellant's affirmative defenses to the removal action. *See* 5 C.F.R. §§ 1201.28, 1201.41 (granting an administrative judge wide discretion to control initial appeal proceedings, including the discretion to set and/or reschedule deadlines and suspend the processing of an appeal).

Regarding the appellant's claim that she tried to submit a rebuttal pleading that was rejected by the administrative judge, PFR File, Tab 3 at 4-6, we find no record that the appellant ever filed such a pleading. Although the Board will

permit evidence or argument submitted "in rebuttal to new evidence or argument submitted by the other party just before the record closed," 5 C.F.R. § 1201.59(c)(2), the content of the appellant's purported July 18, 2019 pleading is not merely rebuttal to the agency's close-of-record pleading; rather, it contains evidence and arguments that the appellant should have affirmatively put forth in the timely presentation of her case before the close of the record, PFR File, Tab 3 at 6-30. Thus, we will not further consider this evidence and argument. We have otherwise considered the appellant's allegations on review pertaining to her retaliation claims, PFR File, Tab 3 at 4-5, Tab 7 at 4, but we find that they are not of sufficient weight to change the outcome.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.